**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-20516

TAMMY GALLOWAY,

                                        Plaintiff - Appellee,

VERSUS

THE CITY OF HOUSTON TEXAS; ET AL,

                                        Defendants,

J WHALEN

                                        Defendant - Appellant.

Appeal from the United States District Court
For the Southern District of Texas, Houston Division
(H-98-CV-3395)

July 12, 2000

Before POLITZ, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Jimmy Whalen, a Harris County Deputy Sheriff, appeals from the district court's denial of summary judgment in this 42 U.S.C. § 1983 civil rights case filed by Appellee Tammy

---

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

1

Galloway. Galloway claims that she was shot by Officer Whalen in violation of her Fourth and Fourteenth Amendment rights against unreasonable seizure and her Fourteenth Amendment rights to substantive due process. Officer Whalen moved for summary judgment asserting that he is qualifiedly immune from the claims and arguing (1) that he did not violate Galloway's Fourth Amendment rights both because no seizure occurred and because his actions were reasonable, and (2) that his actions did not violate Galloway's substantive due process rights as they were not shocking to the conscience.

Having fully considered the arguments of counsel as advanced in briefs and at oral argument, and having carefully reviewed the record on appeal, we conclude that there are genuine issues as to material facts precluding Deputy Whalen's entitlement to summary judgment. Accordingly, we AFFIRM the district court's interlocutory judgment denying Deputy Whalen's summary judgment motion.

EMILIO M. GARZA, Circuit Judge, concurring in part and dissenting in part:


I concur in the majority's decision to affirm the district court's denial of summary judgment on Tammy Galloway's ("Galloway's") Fourth Amendment claim. There are genuine issues of material fact precluding summary judgment for Deputy Whalen on that claim. However, I believe that the district court erred in denying Whalen summary judgment on Galloway's Fourteenth Amendment (substantive due process) claim. Therefore, I dissent in part.

The right to substantive due process is violated only by government action that "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *County of Sacramento v. Lewis*, 523 U.S. 833, 847, 118 S.Ct. 1708, 140 L.Ed. 2d 1043 (internal citation omitted). *Lewis*, which dealt with the substantive due process claim of a motorcycle passenger killed by police in a high-speed automobile chase aimed at apprehending a suspected offender, *id.* at 837-38, clarified the proper application of the "shocks the conscience" standard in circumstances like those presented here. Having discussed the conflicting obligations and lack of time for reflection facing police officers "on an occasion calling for fast action," the Court held that "when unforeseen circumstances demand an officer's instant judgment, even precipitate recklessness fails to" shock the

3

conscience.  *Id.* at 853.  Rather, in such circumstances "a purpose to cause harm" is a prerequisite to substantive due process liability.  *Id.* at 854.

It is clear that Whalen was presented with unforeseen circumstances demanding instant judgment.  At the conclusion of a nighttime car chase lasting several minutes, Michael Galloway's ("Michael's") car was surrounded by police (on foot) in a wooded area after it jumped the curb of a dead-end street.  Whalen ran up behind the vehicle as Michael attempted unsuccessfully to move it.  When Michael indicated that he was going to move in reverse, Whalen reacted by firing five rounds toward the vehicle while running to its side, hitting Galloway, the passenger.[2]  Under *Lewis*, Whalen is liable to Galloway only if he intended to cause harm.  *See id.* at 854.

Galloway does not dispute that she must show that Whalen intended to harm her.  Rather, she argues that she has made this showing.  I disagree.  First, Galloway apparently did not allege in her complaint that Whalen intentionally harmed her.  Second, the

---

[2]  It is not disputed that Michael had the car in reverse and was attempting to move backward at the time Whalen opened fire.  The police officers testified that Michael not only put the car in reverse but actually began moving backward.  Michael testified that the car likely was in reverse and that he was revving the engine.  Tammy admitted that it was possible that Michael had tried to back the vehicle and she had not been aware of it.  Therefore, while it is disputed whether the vehicle actually could or did move, it is not disputed that Michael indicated an intent to move the vehicle in reverse.  This indication was sufficient to create an emergency situation requiring Whalen's instant judgment.

4

district court found that there was no claim and no evidence that Whalen intended to harm Galloway. Third, while Galloway's brief purports to show the requisite intent-to-harm, it actually claims only that Whalen acted "with total disregard" for Galloway's safety. Such disregard is not the equivalent of an intent to harm. It is thus not surprising that Galloway failed to present the requisite specific evidence showing that Whalen intended to harm her. The district court therefore erred in denying Whalen's motion for summary judgment on Galloway's Fourteenth Amendment claim. *See* Fed. R. Civ. P. 56(e).